**AKERMAN LLP**
Damien DeLaney (SBN 246476)
damien.delaney@akerman.com
Rukayat Salaam (SBN 335081)
rukayat.salaam@akerman.com
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendants
THE GEO GROUP, INC. AND
GEO SECURE SERVICES, LLC

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUAN PASILLAS, as an individual and on behalf of all others similarly situated,

Plaintiff,

v.

THE GEO GROUP, INC. d.b.a. GEO CALIFORNIA, INC., a Florida corporation; GEO SECURE SERVICES, LLC, a Florida limited liability company; and DOES 1 through 100,

Defendants.

Case No.

**DEFENDANTS THE GEO GROUP, INC. AND GEO SECURE SERVICES, LLC'S NOTICE OF REMOVAL**

[Concurrently filed with Civil Cover Sheet; Notice of Interested Parties; and Declaration of Damien P. DeLaney]

Complaint Filed: May 23, 2024

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, Defendants The GEO Group, Inc. and GEO Secure Services, LLC (collectively, "Defendants") hereby remove the above-entitled action from the Superior Court of the State of California in and for the County of Santa Clara to the United States District Court for the Northern District of California. Removal is based on the Class Action Fairness Act ("CAFA"). This Court has original subject matter jurisdiction over Plaintiff Juan Pasillas's ("Plaintiff") lawsuit under 28

U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, because it is a proposed class action, minimal diversity exists, and the amount in controversy exceeds $5,000,000. As grounds for removal, Defendants state as follows:

**STATEMENT OF JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

1. The Class Action Fairness Act, 28 U.S.C. section 1332(d) ("CAFA"), grants federal district courts original jurisdiction over class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

2. This Court has jurisdiction over this case under CAFA, , and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein: (1) the proposed class contains at least 100 members; (2) the defendant is not a state, state official, or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000; and (4) there is diversity of citizenship between at least one class member and one defendant. Each of these conditions were satisfied at the time this action was initiated and remain true now at the time of removal.

3. CAFA's minimal diversity requirement is satisfied when: (1) at least one plaintiff is a citizen of a state in which none of the defendants are citizens, (2) at least one plaintiff is a citizen of a foreign state and one defendant is a U.S. citizen, or (3) at least one plaintiff is a U.S. citizen, and one defendant is a citizen of a foreign state. *See* 28 U.S.C. § 1322(d).

4. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice. Plaintiff is a citizen of the State of California and Defendants are a citizen of the State of Florida and the amount in controversy for CAFA, exclusive of interests and/or costs, exceeds $5,000,000. Accordingly, this case meets all requirements for removal and is timely and

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

properly removed to this Court by the filing of this Notice.

**PROCEDURAL BACKGROUND**

5. Plaintiff filed his Complaint for Damages ("Complaint") against Defendants The GEO Group, Inc. and GEO Secure Services, LLC ("Defendants" or, collectively, "GEO") and Defendants DOES 1 through 100 on May 23, 2024 in the Superior Court of California for the County of Santa Clara, Civil Case No. 24CV439672 (the "State Court Action"). On June 7, 2024, Plaintiff served a copy of the Complaint, Summons, Civil Case Cover Sheet, and the Notice of Case Management Conference on Defendants. Attached hereto as **Exhibit 1** are true and correct copies of the Complaint, Summons, Civil Case Cover Sheet, and the Notice of Case Management Conference.

6. Plaintiff's Complaint asserts claims for relief arising out of his employment with Defendants and is styled as a putative class action under California Code of Civil Procedure section 382. Plaintiff seeks to represent a putative class of persons described as "all of Defendants' current and former non-exempt employees." (Complaint, ¶ 16). In his Class Action Complaint, Plaintiff asserts causes of action for (1) minimum wage violations; (2) failure to pay all overtime wages; (3) meal period violations; (4) rest period violations; (5) wage statement violations; (6) failure to indemnify for all necessary business expenditures; and (7) unfair competition.

7. A copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Superior Court of California for the County of Santa Clara.

8. **Exhibit 1** contains all "process, pleadings, and orders" served on Defendants in accordance with 28 U.S.C. section 1446(a).

**STATEMENT OF JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

9. Under CAFA, "[a] defendant's notice of removal need include only a plausible allegation that the jurisdictional facts exist." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Evidence is required "***only*** when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* (emphasis

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

added); *Arias v. Residence Inn by Marriott*, 936 F.3d 920 (9th Cir. 2019) (courts may not remand where notice of removal plausibly alleges the basis for removal, without giving the defendant an opportunity to prove the jurisdictional requirements are satisfied).

10. The United States Supreme Court in *Dart Cherokee* held that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class action in federal court," adding that "CAFA should be read 'with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* Following *Dart Cherokee*, the Ninth Circuit has directed the district courts to "interpret CAFA's provisions under section 1332 broadly in favor of removal . . . ." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively.") For example, in *Bridewell-Sledge v. Blue Cross*, 798 F.3d 923, 929 (9th Cir. 2015), the Ninth Circuit held that under *Dart Cherokee*, the district court erred "in its remand orders by applying a 'strong presumption against removal jurisdiction.'" *See also Moppin v. Los Robles Reg'l Med. Ctr.*, 2015 U.S. Dist. LEXIS 129574, at *4 (C.D. Cal. 2015) ("[N]o presumption against removal exists in cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

**A. The Case is a Proposed Class Action with a Putative Class of at Least 100 Members, and Defendants are not a State, State Official, or Government Entity**

11. This is a putative class action under California Code of Civil Procedure section 382. (Complaint, ¶ 1 ("This Complaint is brought pursuant to California Code of Civil Procedure § 382.")). Code of Civil Procedure section 382 authorizes an action to be brought by one or more representative persons as a class action.

12. 28 U.S.C. section 1332(d)(5) excludes from CAFA jurisdiction cases in which "the primary defendants are States, State officials, or other governmental entities

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

against whom the district court may be foreclosed from ordering relief; or . . . the number of members of all proposed plaintiff classes in the aggregate is less than 100." Defendants are neither a state, state official, nor a government entity.

13. Plaintiff purports to represent the following putative Classes: the Minimum Wage Class, the Overtime Class, the Meal Period Class, the Rest Period Class, the Wage Statement Class and the Expense Reimbursement Class. (Complaint, ¶16).

(a) The Minimum Wage Class is defined as "all of Defendants' current and former non-exempt employees in California who were required to go through a security check off-the-clock, during the four year immediately preceding the filing of the Complaint through the present."

(b) The Overtime Class is defined as "all of Defendants' current and former non-exempt employees in California who worked more than eight (8) hours per day and/or forty (40) hours per week and were required to go through a security check off-the-clock, during the four year immediately preceding the filing of the Complaint through the present."

(c) The Meal Period Class is defined as "all of Defendants' current and former non-exempt employees in California who: (i) worked at least one shift in excess of 5.0 hours; and/or (ii) worked at least one shift in excess of 10.0 hours, during the four year immediately preceding the filing of the Complaint through the present."

(d) The Rest Period Class is defined as "all of Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 3.5 hours in duration, during the four year immediately preceding the filing of the Complaint through the present."

(e) The Wage Statement Class is defined as "all members of the Minimum Wage Class, Overtime Class, Meal Period Class, and/or Rest Period Class who have received a wage statement, during the one year

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

immediately preceding the filing of the Complaint through the present."

(f) The Expense Reimbursement Class is defined as ""all of Defendants' current and former non-exempt employees in California who purchased a duty belt for business related purposes, during the four year immediately preceding the filing of the Complaint through the present."

*Id.*

14. Plaintiff alleges that "it is estimated that the number is in excess of two hundred (200) individuals as to each class." (Complaint, ¶17). On the basis of its own investigation, Defendants determined there are more than 100 current and former non-exempt employees in California from the period beginning May 23, 2020 to the filing of the Complaint. Therefore, Plaintiff's proposed class consists of at least 100 members now at the time of removal and at the institution of this civil action.

15. Of note, while the putative class period alleged begins four years prior to the filing of the Complaint, here, it can actually begin no earlier than October 1, 2023 due to a prior class-wide release of the same claims which extends through September 30, 2023. On June 25, 2024, the release became effective with final court approval, in the matter of *Priscilla Lopez v. Geo Secure Services, LLC*; and DOES 1-10, Case Number ECU002060, filed in the Imperial County Superior Court. Even considering only this truncated putative class period, there are sufficient potential class members to meet the statutory requirement for CAFA jurisdiction.

**B. Minimum Diversity of Citizenship Exists**

16. CAFA requires minimum diversity of citizenship, pursuant to 28 U.S.C. section 1322(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

17. Plaintiff's Complaint alleges that he has been employed by Defendants in California since April 2022. (Complaint, ¶ 9). Plaintiff's Complaint further alleges that the Putative Classes consist of "Defendants' current and former non-exempt employees in ***California***…." *Id.* at ¶ 16 (emphasis added).

18. Although no *evidence* of domicile is required at the notice of removal stage (*Dart Cherokee*, 135 S.Ct. at 554), "[p]roof of residence in a state is usually thought *prima facie* evidence of domicile . . . ." *Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary . . . ."); *Barbosa v. Transp. Drivers, Inc.*, 2015 WL 9272828, at *2 (C.D. Cal. 2015) ("a person's residence is *prima facie* evidence of his or her place of domicile for purposes of diversity jurisdiction") (quoting *Bey v. SolarWorld Indus. Am., Inc.*, 904 F.Supp.2d 1103, 1105 (D. Or. 2012)). Furthermore, "a party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013). Regardless, allegations of plaintiff's citizenship is sufficient for removal. *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1233 (9th Cir. 2019).

19. Further, where there are no allegations of citizenship of certain parties in the complaint, a removing party may introduce "objective facts" in support of removal that would tend to show the domicile or citizenship of a party in a particular state. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir 1986) ("[T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.").

20. Here, the Complaint discloses that "Plaintiff was and currently is, a

California resident." (Complaint, ¶ 4). Accordingly, Plaintiff is now at the time of this removal, and was at the institution of this civil action, a citizen of California for purposes of determining diversity. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

21. Because Plaintiff resides and worked for Defendants in California, and because Plaintiff's proposed class is identified to include persons currently or formerly employed in the State of California by Defendants, Defendants may rely on the foregoing presumptions to establish that Plaintiff, and at least some of the putative class members, are now at the time of removal, and were at the institution of this civil action, domiciled in California and therefore citizens of California.

22. Defendant GEO Secure Services, LLC is, now at the time of this removal, and was at the institution of this action, a limited liability company organized under the laws of Florida, with its principal place of business in Florida and all of its members are citizens of Florida. Further, Defendant The GEO Group, Inc. is, now at the time of this removal, and was at the institution of this civil action, a corporation organized under the laws of Florida, with its principal place of business in Florida. Therefore, Defendants are citizens of Florida. 28 U.S.C. § 1332(d)(10); see also *Johnson v. Columbia Properties Anchorage, LP* (9th Cir. 2006); *Cattie v. Wal-Mart Stores, Inc.*, 504 F.Supp.2d 939, 942 (S.D. Cal. 2007).

23. In accordance with the foregoing, Defendants are now at the time of removal, and were at the time of the institution of this civil action, citizens of Florida (and not citizens of California), and Plaintiff and some of the putative class members are now at the time of removal, and were at the institution of this civil action, citizens of California. Thus, the minimum diversity requirement under CAFA is satisfied.

24. Pursuant to 28 U.S.C. section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citizenship of fictitious defendants disregarded for removal). Thus, the existence of Doe defendants 1 through 100 does not deprive this Court of jurisdiction.

25. In accordance with the foregoing, Plaintiff is a citizen of the State of California, while Defendants are a citizen of the State of Florida. Thus, the minimum diversity requirement under CAFA is satisfied.

## C. The Amount in Controversy Exceeds the $5,000,000 Requirement Under CAFA

26. Without making an admission of liability or damages with respect to any aspects of this case or the proper legal test(s) applicable to Plaintiff's allegations on behalf of herself and the putative class, the amount in controversy exceeds the jurisdictional minimum of this Court as detailed below.

27. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Moreover, a defendant need not set forth evidence establishing the amount in its notice of removal. *Id.* A defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D. Ky. 1994). A defendant can establish the amount in controversy by "providing only a short and plain statement of the grounds for removal." *Ehrman v. Cox Commc'ns, Inc.*, 2019 WL 3720013 (9th Cir. August 8, 2019); *see also Dart Cherokee*, 135 S.Ct. at 547 (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and evidentiary submissions are required only if "the plaintiff contests, or the court questions, the defendant's allegations"). Here, Defendants allege there is more than $5,000,000 in controversy.

28. CAFA authorizes the removal of class actions in which, among the other

factors mentioned above, the aggregate amount in controversy for all class members exceeds five million dollars ($5,000,000.00). *See* 28 U.S.C. § 1332(d). By demonstrating that the actual amount in controversy exceeds the threshold, Defendants do not concede the validity of Plaintiff's claims or the likelihood that Plaintiff will recover anything.

29. "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F.App'x 806, 807 (9th Cir. 2017). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *3 (E.D. Cal. 2007) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.") (original emphasis); *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1148 (C.D. Cal. 2010) ("In deciding the amount in controversy the Court looks to what the plaintiff has alleged, not what the defendants will owe.") (aff'd by 631 F.3d 1010 (9th Cir. 2011)).

30. In the Ninth Circuit, the amount in controversy is determined "at the time of removal." *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)). In *Chavez v. JPMorgan Chase*, 888 F.3d 413, 417 (9th Cir. 2018), the Ninth Circuit held "[t]hat the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." *Chavez*, 888 F.3d at 417. *Chavez* held that "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages plaintiff-employee would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

complaint if the plaintiff is victorious." *Id.* at 414-15. These principles were affirmed again by the Ninth Circuit in *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785 (9th Cir. 2018).

31. Plaintiff's pleadings in this action fail to affirmatively disclose the amount in controversy or information from which Defendants could readily ascertain the amount in controversy without independent investigation and analysis. Plaintiff's Complaint was "indeterminate" as to whether federal jurisdiction under 28 U.S.C. section 1332(d) existed within the meaning of *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005) and *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121 (9th Cir. 2013).

32. Defendants provide the following calculations only to demonstrate that the amount in controversy in this case easily exceeds the jurisdictional amount in controversy under CAFA jurisdiction. Defendants make no admission of any liability or damages with respect to any aspect of this case, or to the proper legal test to be applied to Plaintiff's claims. Nor do Defendants waive their right to ultimately contest the proper amount of damages due, if any, should Plaintiff prevail with respect to any of his claims.

33. Defendants independently determined based on their own business records that Plaintiff's proposed Putative Class is comprised of approximately 1,200 current and former non-exempt employees in California. This is a conservative figure because it includes only non-exempt employees, who worked from October 1, 2023 to present, a truncated time period reflecting a prior class-wide release of claims.

***1. Amount in Controversy for Plaintiff's Unpaid Wages (Overtime)***

34. Plaintiff's second cause of action alleges that Defendants failed to pay overtime wages in violation of Labor Code sections 204, 510, 1194, and 1198. Plaintiff specifically alleges that Defendants failed to "credit [] employees with all overtime hours actually worked." (Complaint, ¶31).

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

35. Similar to Plaintiff's meal and rest period allegations, for purposes of this Notice of Removal, Defendants used to calculate the potential amount in controversy only workweeks from approximately October 1, 2023 (the day after the end date of the prior class-wide release) to July 5, 2024.

36. Defendants independently determined based on their own business records, the allegations within Plaintiff's Complaint, and Defendants' conservative approach toward the putative class period, that the amount in controversy for the unpaid overtime claim is conservatively $1,154,212.50, based on the assumption that each employee worked a half hour of unpaid overtime per week ($52.50 estimated overtime hourly rate [1.5 x average hourly rate] x .5 hour per workweek x 43,970 workweeks).

***2. Amount in Controversy for Meal Period Premiums***

37. California law requires employers to pay employees one additional hour of pay at the employee's regular rate of compensation for each workday a meal period that is required to be provided is not provided. Cal. Labor Code § 226.7. California law requires provision of meal breaks to non-exempt employees who work more than five hours in a workday. Cal. Labor Code § 512. Plaintiff alleges that Defendants failed "to provide all of their non-exempt employees in California… with all legally compliant meal periods…." (Complaint, ¶ 34).

38. Because the jurisdictional amount in controversy is determined based on what Plaintiff alleges, not what he will ultimately recover, the four year limitations period is appropriate for jurisdictional purposes. However, to underscore the conservative nature of Defendants' calculations, for purposes of this Notice of Removal, Defendants used to calculate the potential amount in controversy only workweeks from approximately October 1, 2023 (the day after the end date of the prior class-wide release) to July 5, 2024.

39. Defendants independently determined based on its own business records, the allegations within Plaintiff's Complaint, and Defendants' conservative approach

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

toward the putative class period, that the amount in controversy for the meal period premium claim is approximately $1,538,950 based on the assumption that each employee had *one* non-complaint meal period per week (43,970 workweeks x 1 non-compliant meal period per week x $35 average hourly rate).

***3. Amount in Controversy for Rest Period Premiums***

40. Rest breaks under California law are required for non-exempt employees who work three and a half (3.5) or more hours in a day. Non-exempt employees are entitled to a rest period of ten (10) minutes for each four (4) hours, or major fraction thereof, that they work in a day. *See* California Wage Orders, § 12. California law requires employers to pay employees one additional hour of pay at the employee's regular rate of compensation for each workday that a rest period that is required to be provided is not provided. Cal. Labor Code § 226.7.

41. Plaintiff alleges that "Defendants failed to authorize and permit Plaintiff and members of the Rest Period Class to take all required rest periods." (Complaint, ¶ 38).

42. In *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094 (2007), the California Supreme Court held that the premiums due under California Labor Code section 226.7 are compensatory wages for statute of limitations purposes and therefore have a three-year statute of limitations period. *See* Cal. Code Civ. Proc. § 338(a).

43. Similar to Plaintiff's meal period allegations, for purposes of this Notice of Removal, Defendants used to calculate the potential amount in controversy only workweeks from approximately October 1, 2023 (the day after the end date of the prior class-wide release) to July 5, 2024.

44. Therefore, Defendants independently determined based on its own business records, the allegations within Plaintiff's Complaint, and Defendants' conservative approach toward the putative class period, that the amount in controversy for the rest period premium claim is approximately $1,538,950 based on the assumption

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

that each employee had *one* non-compliant rest break per week (43,970 workweeks x 1 non-compliant rest period per week x $35 average hourly rate).

***4. Amount in Controversy for Plaintiff's Wage Statement Claim***

45. Plaintiff's fifth cause of action alleges that "Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Wage Statement Class with accurate and complete, itemized wage statements… in violation of Labor Code § 226 *et seq.*" (Complaint, ¶ 41). Plaintiff further alleges that Defendants failure led to "the non-payment of all overtime wages and meal and rest period premium wages owed, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data." (*Id.*, ¶ 42).

46. California Labor Code Section 226(a) provides that if an employer fails to provide accurate, itemized wages statements, the employer shall pay the damages employee the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000).

47. Based on Plaintiff's allegations in the Complaint, Plaintiff and other putative class members allegedly did not receive a California-compliant wage statement for each pay period in which they worked. The potential amount in controversy under Section 226 for failing to provide accurate, itemized wage statements, assuming that penalties can be collected from October 1, 2023 through the present (~8 months) and assuming one pay period for 8 months at $50 and an additional 19 pay periods at $100 for the remainder of the 8 month period, the total amount in controversy would be: $1,950 per putative class member for eight months x 1,200 putative class members = $2,340,000.

48. Therefore, the amount in controversy for Plaintiff's meal and rest period claims, overtime claim, and wage statement violation claim, total at least approximately

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

$6,572,112.50.

***5. Amount in Controversy for Plaintiff's Other Claims***

49. In addition to the claims identified above, Plaintiff alleges that he and the Putative Class were not paid minimum wages and were not provided reimbursement for business expenses in accordance with California law. (Complaint, ¶¶ 25 and 51.)

50. California Labor Code section 1194 states that an employee receiving less than the legal minimum wage is entitled to recover the amount owed in a civil action. California Labor Code section 2802(a) states that an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties. Like unpaid minimum wages, overtime wages, and premium wages, business expenses are recoverable as restitution under California Business & Professions Code section 17200. *See Espejo v. The Copley Press, Inc*., 13 Cal.App.5th 329, 367 (2017) (citing *Cortez v. Purolater Air Filtration Products Co*., 23 Cal.4th 163 (2000)); *see also Harris v. Best Buy Stores, L.P*., 2016 WL 4073327, at *10 (N.D. Cal. 2016) (UCL claim may be maintained to the extent it is predicated on plaintiff's section 2802 claim).

51. For these reasons, Plaintiff's claims for unpaid overtime wages and reimbursement of business expenses further increases the amount in controversy beyond the jurisdictional minimum of $5,000,000.

***6. Amount in Controversy for Attorneys' Fees***

52. Plaintiff also alleges an entitlement to attorneys' fees. *(See generally* Complaint, Prayer for Relief). Under Ninth Circuit precedent, a plaintiff's claim for attorneys' fees must be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ([W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.") In *Fritsch*, the Ninth Circuit held that future attorneys' fees that are claimed, but not accrued at the time of removal,

must be considered in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794-796 (9th Cir. 2018).

53. Courts may use a 25% benchmark of total recovery when estimating the attorneys' fees in controversy. *Greene v. Harley-Davidson, Inc.*, No. 20-55281, fn. 4 (9th Cir. July 14, 2020); *Garibay v. Archstone Communities LLC*, 539 F.App'x 763, 764 (9th Cir. 2013); *Rodriguez v. Cleansource, Inc.*, 2014 WL 3818304, at *4 (S.D. Cal. 2014); *Marshall v. G2 Secure Staff, LLC*, 2014 WL 3506608 (C.D. Cal. 2014); *Jasso v. Money Mart Exp., Inc.*, 2012 WL 699465 (N.D. Cal. 2012); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. 2018); *Ramirez v. Benihana Nat'l Corp.*, 2019 WL 131843, at *2 (N.D. Cal. 2019); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees.") Thus, an additional minimum amount of $1,643,028.12 must be included in the amount in controversy ([$1,538,950 alleged rest period premiums + $1,538,950 alleged meal period premiums + $1,154,212.50 alleged unpaid overtime + $2,340,000 alleged noncompliant wages statement claim ] x 25% = $1,643,028.12), for a total amount in controversy of $8,215,140.62.

54. For all the foregoing reasons, Defendants alleges that the amount placed in controversy by Plaintiff is significantly greater than the jurisdictional minimum of $5,000,000 required by CAFA, both at the time of removal and at the institution of this civil action. The amount in controversy requirement for CAFA is therefore satisfied.

**TIMELINESS OF REMOVAL**

55. Removal in this action is timely as required by 28 U.S.C. § 1446 (b), having been accomplished within 30 days of the date of first service of the State Court Action on Defendants, which was June 7, 2024.

**JOINDER**

56. Defendants are not aware of any other defendant that exists and who has been named in the Complaint or who has been served with a summons and the

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Complaint. The only defendants named in Plaintiff's Complaint are GEO Secure Services, LLC, The GEO Group, Inc.—both of whom consent to and join in this removal—and fictitiously named Doe defendants, whose presence is disregarded for purposes of removal.

**VENUE**

57. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(d) and 1391.

**NOTICE TO PLAINTIFF AND STATE COURT**

58. GEO will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which this action is pending, as required under 28 U.S.C. § 1446(d).

59. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendants or filed by Defendants are attached hereto as **Exhibit 1**.

///

///

///

///

///

///

///

///

///

///

///

///

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**CONCLUSION**

60. The Court has diversity jurisdiction over the this matter. Complete diversity of citizenship exists between Plaintiff, who is a citizen of California, and GEO, which is a citizen of Florida. Lastly, the amount in controversy exceeds $5,000,000. Removal of the State Court Action to this Court pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441(b), 28 U.S.C. § 1446 is therefore appropriate.

Dated: July 8, 2024

**AKERMAN LLP**

By: *<u>/s/ Damien P. DeLaney</u>*
Damien P. DeLaney
Rukayat O. Salaam
Attorneys for Defendants
THE GEO GROUP, INC. AND
GEO SECURE SERVICES, LLC

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 633 W. Fifth Street, Suite 6400, Los Angeles, CA 90071.

On July 8, 2024, I served the following document(s) described as:

**DEFENDANTS THE GEO GROUP, INC. AND GEO SECURE SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332. 1441(b). 1446 (DIVERSITY)**

on the persons below as follows:

**HAINES LAW GROUP, APC**
Paul K. Haines
phaines@haineslawgroup.com
Sean M. Blakely
sblakely@haineslawgroup.com
Alexandra R. McIntosh
amcintosh@haineslawgroup.com
Alicia Flores
aflores@haineslawgroup.com
2155 Campus Drive, Suite 180
El Segundo, California 90015
Telephone: (424) 292-2350
Facsimile: (424) 292-2355

*Attorneys for* Plaintiff JUAN PASILLAS

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

☐ **BY FACSIMILE:** I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (213) 627-6342. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY ELECTRONIC SERVICE**: Complying with Code of Civil Procedure § 1010.6, I caused such document(s) to be electronically served on the party identified and no error was received when transmitted. My electronic business address is alexandra.hurst@akerman.com.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ **(CM/ECF Electronic Filing):** I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Executed on July 8, 2024 at Los Angeles, California.

| Alexandra Hurst | ***Alexandra Hurst*** |
| --- | --- |
| Type Name | Signature |

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342