# EXHIBIT "1"

**CORPORATE CREATIONS**®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

The GEO Group, Inc.                                                                 June 10, 2024
Joseph  Negron SVP & General Counsel
The GEO Group, Inc.
4955 Technology Way
Boca Raton FL 33431

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

| | Item: 2024-374 |
|---|---|

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | **Entity Served:**<br>**Entity Served If Different:** | The GEO Group, Inc.<br>The GEO Group, Inc. d.b.a. GEO California, Inc. |
|---|---|---|
| 2. | **Title of Action:** | Juan Pasillas, as an individual and on behalf of all others similarly situated vs. The GEO Group, Inc. d.b.a. GEO California, Inc.; et al. |
| 3. | **Document(s) Served:** | Summons (Citation Judicial)<br>Civil Case Cover Sheet<br>Class Action Complaint<br>Civil Lawsuit Notice |
| 4. | **Court/Agency:** | Santa Clara County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | 24CV439672 |
| 7. | **Case Type:** | Violation of Labor Code |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Friday 06/07/2024 |
| 10. | **Date to Client:** | Monday 06/10/2024 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Sunday 07/07/2024 | <u>CAUTION:</u> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Paul K. Haines<br>El Segundo, CA<br>424-292-2350 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Also Attached:<br>* Alternative Dispute Resolution Information Sheet<br>* ADR Stipulation and Order, etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>THE GEO GROUP, INC. d.b.a. GEO CALIFORNIA, INC., a Florida corporation; GEO SECURE SERVICES, LLC, a Florida limited liability company; and DOES 1 through 100,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>JUAN PASILLAS, as an individual and on behalf of all others similarly situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>E-FILED<br>5/23/2024 1:20 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>24CV439672<br>Reviewed By: R. Walker<br>Envelope: 15428727 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Santa Clara County Superior Court<br>191 North First Street, San Jose, California 95113 | CASE NUMBER:<br>*(Número del Caso):*<br>**24CV439672** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Paul K. Haines, Esq., Haines Law Group, APC          Telephone No.: 424-292-2350
2155 Campus Drive, Suite 180, El Segundo, California 90245          Fax No.: 424-292-2355

DATE: 5/23/2024 1:20 PM    Clerk of Court    Clerk, by  R. Walker    , Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* THE GEO GROUP, INC. d.b.a. GEO CALIFORNIA, INC., a Florida corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Paul K. Haines (SBN 248226); Sean M. Blakely (SBN 264384) HAINES LAW GROUP, APC, 2155 Campus Drive, Suite 180, El Segundo, CA 90245 TELEPHONE NO.: 424-292-2350     FAX NO. (Optional): 424-292-2355 E-MAIL ADDRESS: phaines@haineslawgroup.com; sblakely@haineslawgroup.com ATTORNEY FOR (Name): Plaintiff Juan Pasillas | **Electronically Filed by Superior Court of CA, County of Santa Clara, on 5/23/2024 1:20 PM Reviewed By: R. Walker Case #24CV439672 Envelope: 15428727** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Juan Pasillas v. The Geo Group, Inc. d.b.a. Geo California, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited      [ ] Limited (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **24CV439672** |
| | | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 7: Minimum Wage Violations; Failure to Pay All Overtime Wages; etc.
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 23, 2024

Paul K. Haines

_____        ►  _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

E-FILED
5/23/2024 1:20 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
24CV439672
Reviewed By: R. Walker

**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Sean M. Blakely (SBN 264384)
sblakely@haineslawgroup.com
Alexandra R. McIntosh (SBN 320904)
amcintosh@haineslawgroup.com
Alicia Flores (SBN 345622)
aflores@haineslawgroup.com
2155 Campus Drive, Suite 180
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| JUAN PASILLAS, as an individual and on behalf of all others similarly situated, | Case No. **24CV439672** |
| Plaintiff, | **CLASS ACTION COMPLAINT:** |
| vs. | **(1) MINIMUM WAGE VIOLATIONS (LABOR CODE §§ 1182.12, 1194, 1194.2, 1197);** |
| THE GEO GROUP, INC. d.b.a. GEO CALIFORNIA, INC., a Florida corporation; GEO SECURE SERVICES, LLC, a Florida limited liability company; and DOES 1 through 100, | **(2) FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, and 1198);** |
| | **(3) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, and 558);** |
| Defendants. | **(4) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, and 558);** |
| | **(5) WAGE STATEMENT VIOLATIONS (LABOR CODE § 226 *et seq.*);** |
| | **(6) FAILURE TO INDEMNIFY FOR ALL NECESSARY BUSINESS EXPENDITURES (LABOR CODE §§ 2802 and 2804); and** |
| | **(7) UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*)** |
| | **DEMAND FOR JURY TRIAL UNLIMITED CIVIL CASE** |

1

CLASS ACTION COMPLAINT

Plaintiff, Juan Pasillas ("Plaintiff") hereby brings this Class Action Complaint ("Complaint") against Defendants The Geo Group, Inc. d.b.a. Geo California, Inc., a Florida Corporation; Geo Secure Services, LLC, a Florida limited liability company; and DOES 1 through 100, inclusive (collectively, "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1.      Plaintiff, on behalf of himself and all others similarly situated, hereby brings this Complaint for recovery of unpaid wages and penalties under Labor Code §§ 204, 226, 226.7, 245.5(e), 246, 248.6, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2802 and 2804, California Business & Professions Code § 17200 *et seq.*, and Industrial Welfare Commission Wage Order No. 4 ("Wage Order 4"), in addition to seeking declaratory relief and restitution. This Complaint is brought pursuant to California Code of Civil Procedure § 382. This Court has jurisdiction over Defendants' violations of the California Labor Code because the amount in controversy exceeds this Court's jurisdictional minimum.

## VENUE

2.      Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in Santa Clara County. Defendants own, maintain offices, transact business, have an agent or agents within Santa Clara County, and/or otherwise are found within Santa Clara County, and Defendants are within the jurisdiction of this Court for purposes of service of process.

3.      Venue is further proper in Santa Clara County because Defendants are a foreign corporation with a principal place of business in Florida, and have not filed a statement with the California Secretary of State designating a principal office in California. As such, venue is proper in any county in the state of California. *See Easton v. Sup. Ct.*, (1970) 12 Cal.App.3d 243, 246-47 ("[Defendant's] status is that of a foreign corporation only. As such, it may be sued in any county in the state.").

## PARTIES

4.      Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident. Within the statute of limitations periods

applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed to him by Labor Code §§ 204, 226, 226.7, 245.5(e), 246, 248.6, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2802 and 2804, Business and Professions Code Section § 17200 *et seq.*, and Wage Order 4, which sets employment standards for the Professional, Technical, Clerical, Mechanical and Similar Occupations.

4.    Plaintiff is informed and believes, and based thereon alleges, that during the time period relevant to this action, Defendants did (and do) business by operating private prisons throughout California.

5.    Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, Defendants were licensed to do business in California and were the employers of Plaintiff and of the members of the Classes (as defined in Paragraph 16).

6.    Plaintiff does not know the true names, capacities, relationships, and/or the extent of participation of Defendants DOES 1 through 100, inclusive, in the conduct alleged in this Complaint. For that reason, Defendants DOES 1 through 100, inclusive, are sued under such fictitious names. Plaintiff prays for leave to amend this Complaint when their true names and capacities are known. Plaintiff is informed and believes, and based thereon alleges, that each fictitiously named Defendant is and was responsible in some way for the alleged wage-and-hour violations and other wrongful conduct that subjected Plaintiff and the Classes, as defined below, to the illegal employment practices, wrongs and injuries complained of herein. All references in this Complaint to "Defendants" shall be deemed to include all DOE Defendants.

7.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or

omissions complained of herein.

8. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acted within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and the Classes (as defined in Paragraph 16).

**GENERAL FACTUAL ALLEGATIONS**

9. Defendants have employed Plaintiff in the non-exempt job position of prison guard and/or detentions officer since April 2022 at its location in El Centro, California. As a correctional officer, Plaintiff's primary job duties consist of maintaining order between the inmates and the other staff. Plaintiff typically works Thursday through Monday from 11:00 p.m. to 7:30 a.m. but has been scheduled to work as long as 12 hours per day on a number of occasions.

10. During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff and other non-exempt employees for all hours worked as a result of its policy and practice of requiring its non-exempt employees to undergo security checks off-the-clock. Specifically, prior to entering the facility, Defendants required Plaintiff and other non-exempt employees to go through a metal detector. Only once the employees cleared the metal detector could they enter the facility and clock in for their shift. As a result of Defendants' failure to compensate for time spent undergoing security checks, Defendants failed to compensate Plaintiff and other non-exempt employees all wages owed, including minimum wages and overtimes wages.

11. Defendants further failed to provide Plaintiff and other non-exempt employees with all legally compliant meal periods due to Defendants' meal period policies/practices. Specifically, during the first two years of Plaintiff's employment with Defendants, Defendants failed to provide Plaintiff and other non-exempt employees off-duty meal periods as Defendants required Plaintiff and other correctional officers to keep their radio on during breaks. Defendants further failed to relinquish all control over Plaintiff and other non-exempt employees during their meal periods as Defendants required Plaintiff and other non-exempt employees to use some of their meal period undergoing a security check whenever they wanted to leave the premises for

4

CLASS ACTION COMPLAINT

their meal period. Additionally, even if Plaintiff and other non-exempt employees did not leave the premises for their meal period, Defendants further failed to provide Plaintiff and other non-exempt employees a "net" 30 minutes for their meal periods as Defendants required Plaintiff and other non-exempt employees to be back in their work area ready to work promptly when their 30-minutes was up. Accordingly, Plaintiff and other non-exempt employees were not able to take a meal period of at least 30 minutes in an area suitable for rest as they necessarily had to use some of their 30 minutes walking back to their work area.   Moreover, Defendants meal period policies/practices were unlawful as Defendants failed to provide Plaintiff and other non-exempt employees with a second meal period when they worked a shift in excess of 10.0 hours. On those occasions when Plaintiff and other non-exempt employees were not provided with all legally compliant meal periods to which they were entitled, Defendants failed to compensate Plaintiff and other non-exempt employees with the required meal period premium(s) for each workday in which they experienced a meal period violation as mandated by Labor Code § 226.7. Additionally, upon information and belief, on those occasions when Defendants did pay its employees a meal period premium, Defendants failed to pay Plaintiff and other non-exempt employees their meal period premium at the correct rate of pay due to their failure to include health and wellness payments in their calculation of the regular rate of compensation for the purposes of meal period premiums.

12.    Defendants have also failed to authorize and permit all required rest periods for Plaintiff and other non-exempt employees as Defendants' rest period policies/practices failed to authorize and permit employees to take an off-duty rest period of at least 10 minutes for every four hours worked, or major fraction thereof. Specifically, during the first two years of Plaintiff's employment, Plaintiff was prevented from taking off-duty rest periods due to Defendants requirement that Plaintiff keep his radio on during rest periods. Additionally, Defendants failed to provide off-duty rest periods of at least 10-minutes as Defendants required Plaintiff and other non-exempt employees to undergo security checks off the clock during their rest periods. Lastly, Defendants failed to authorize and permit a full ten minutes of "net rest" in an area appropriate for rest away from the workstation during rest periods as Defendants required Plaintiff and other

5

non-exempt employees to be back at their work area ready to work by the time the ten minutes were up. Accordingly, Plaintiff had to use some of his rest period walking back to and from an area suitable for rest. Despite failing to authorize and permit Plaintiff and other non-exempt employees to take all rest periods to which they are entitled, upon information and belief, during at least a portion of the relevant time period, Defendants maintained no mechanism for the payment of rest period premium payments as required by Labor Code § 226.7 and did not always pay Plaintiff or other non-exempt employees any rest period premiums at the correct rate of compensation when they experienced a rest period violations.

13. Defendants have also failed to reimburse Plaintiff and other non-exempt employees for all necessary business expenses. Specifically, Defendants required Plaintiff and other non-exempt employees to purchase a duty belt. However, Defendants failed to reimburse Plaintiff and other non-exempt employees for the costs associated with the duty belt. As a result, Defendants have failed to reimburse Plaintiff and other non-exempt employees for expenses incurred in the course of their employment.

14. Upon information and belief, Defendants have also failed to pay Plaintiff and other non-exempt employees their sick time at the correct rate in violation of Labor Code § 245.5(e), § 246(l) and § 248.6(b)(3)(A), which require "paid sick days" to be "calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek" or "by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." However, Defendants failed to properly provide and/or properly compensate all wages owed to Plaintiff and other non-exempt employees because it had a uniform policy or practice of paying paid sick time at the employee's base rate of pay without including health and wellness payments and/or other forms of pay that cannot be excluded from the regular rate of pay for the purposes of paid sick pay under Labor Code §§ 245.5(e) and 246(l).

15. As a result of Defendants' failure to compensate Plaintiff and other non-exempt employees for all minimum wages, overtime wages, and all meal and rest period premium wages,

6

Defendants maintained inaccurate payroll records and failed to issue accurate, compliant, itemized wage statements.

## CLASS ACTION ALLEGATIONS

16. <u>Class Definitions</u>: Plaintiff brings this Complaint on behalf of himself and the following Classes pursuant to Section 382 of the Code of Civil Procedure:

a. The <u>Minimum Wage Class</u> consists of all of Defendants' current and former non-exempt employees in California who were required to go through a security check off-the-clock, during the four years immediately preceding the filing of the Complaint through the present.

b. The <u>Overtime Class</u> consists of all of Defendants' current and former non-exempt employees in California who worked more than eight (8) hours per day and/or forty (40) hours per week and were required to go through a security check off-the-clock, during the four years immediately preceding the filing of the Complaint through the present.

c. The <u>Meal Period Class</u> consists of all of Defendants' current and former non-exempt employees in California who: (i) worked at least one shift in excess of 5.0 hours; and/or (ii) worked at least one shift in excess of 10.0 hours, during the four years immediately preceding the filing of the Complaint through the present.

d. The <u>Rest Period Class</u> consists of all of Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 3.5 hours in duration, during the four years immediately preceding the filing of the Complaint through the present.

e. The <u>Wage Statement Class</u> consists of all members of the Minimum Wage Class, Overtime Class, Meal Period Class, and/or Rest Period Class who have received a wage statement, during the one year immediately preceding the filing of the Complaint through the present.

f. The <u>Expense Reimbursement Class</u> consists of all Defendants' current and former non-exempt employees in California who purchased a duty belt for business

7

related purposes, during the four years immediately preceding the filing of the Complaint through the present.

17.    **Numerosity/Ascertainability:** The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiff, at this time; however, it is estimated that the number is in excess of two hundred (200) individuals as to each class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

18.    **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation, to:

i.    Whether Defendants paid all minimum wages owed to members of the Minimum Wage Class for all hours worked pursuant to Labor Code §§ 1182.12, 1194, 1194.2 and 1197;

ii.    Whether Defendants violated the applicable Labor Code provisions, including, but not limited to, §§ 510 and 1194 by requiring members of the Overtime Class to perform overtime work and not paying for said work in accordance with the overtime laws of the State of California;

iii.    Whether Defendants' timekeeping policies/practices resulted in the failure to properly compensate members of the Overtime and Minimum Wage Classes;

iv.    Whether Defendants provided legally compliant meal periods to members of the Meal Period Class pursuant to Labor Code sections 226.7 and 512;

v.    Whether Defendants correctly paid meal period premium payments for non-compliant meal periods pursuant to Labor Code section 226.7;

vi.    Whether Defendants authorized and permitted legally compliant rest periods to members of the Rest Period Class pursuant to Labor Code sections 226.7 and 516;

vii.    Whether Defendants correctly paid rest period premium payments for non-compliant rest periods pursuant to Labor Code section 226.7;

8

CLASS ACTION COMPLAINT

viii.   Whether Defendants' reimbursement policies/practices failed to reimburse or indemnify Expense Reimbursement Class members for necessary business expenditures, thereby depriving members of the Expense Reimbursement Class of all reimbursements to which they have been entitled as a matter of law; and

ix.    Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code section 226.

19.    **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law and fact set forth above are numerous and substantial and stem from Defendants' uniform policies and/or practices applicable to each individual class member including, but not limited to, Defendants' timekeeping policies/practices, security check policies/practices, reimbursement policies/practices, and meal and rest period policies and/or practices. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

20.    **Typicality:** The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statutes of limitation applicable to each cause of action pled in this Complaint. As alleged herein, Plaintiff, like the members of the Classes, was not compensated all minimum and overtime wages, was not provided all required meal periods, was not authorized and permitted to take all required rest periods, did not receive meal and rest period premium wages for missed and/or non-compliant meal and rest periods, was not issued accurate itemized wage statements, and/or was not reimbursed for the cost of his duty belt.

21.    **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously

9

CLASS ACTION COMPLAINT

prosecuting this action on behalf of the members of the Classes.

22.    **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes are maintainable as classes under § 382 of the Code of Civil Procedure.

///

///

///

CLASS ACTION COMPLAINT

## FIRST CAUSE OF ACTION

## MINIMUM WAGE VIOLATIONS

## (AGAINST ALL DEFENDANTS)

23.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

24.    Wage Order 4, § 4 and California Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

25.    At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law by failing to pay Plaintiff and members of the Minimum Wage Class for all hours worked including, but not limited to, all hours they were subject to the control of Defendants and/or suffered or permitted to work under the California Labor Code and Wage Order 4.

26.    California Labor Code § 1198 makes unlawful the employment of an employee under conditions that the IWC prohibits. California Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

27.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the Minimum Wage Class have sustained economic damages including, but not limited to, unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the California Labor Code and Wage Order 4.

28.    The foregoing practices and policies are unlawful and create an entitlement to recovery by Plaintiff and the members of the Minimum Wage Class in a civil action for the unpaid amount of minimum wages owing, including interest thereon, liquidated damages, statutory and

11

civil penalties, attorneys' fees, and costs of suit according to California Labor Code §§ 204, 558, 1194, 1197, and 1198, Wage Order 4, and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES

## (AGAINST ALL DEFENDANTS)

29.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

30.    This cause of action is brought pursuant to Labor Code §§ 204, 510, 1194, and 1198, which provide that non-exempt employees are entitled to all overtime wages and compensation for all overtime hours worked and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

31.    At all times relevant herein, Defendants were required to properly compensate non-exempt employees, including Plaintiff and members of the Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and Wage Order 4. Wage Order 4, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for all overtime hours work. Defendants caused Plaintiff and members of the Overtime Class to work overtime hours, but failed to credit these employees with all overtime hours actually worked.

32.    The foregoing policies and practices are unlawful and create entitlement to recovery by Plaintiff and the Overtime Class members in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, attorneys' fees, and costs of suit according to California Labor Code §§ 204, 210, 216, 218.6, 510, 1194, and 1198; Code of Civil Procedure § 1021.5; and Civil Code §§ 3287(b) and 3289.

## THIRD CAUSE OF ACTION

## MEAL PERIOD VIOLATIONS

## (AGAINST ALL DEFENDANTS)

33.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their non-exempt employees in California,

12

including Plaintiff and members of the Meal Period Class, with all legally compliant meal periods in accordance with the mandates of the California Labor Code and Wage Order 4, § 10. Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiff and members of the Meal Period Class at their respective regular rates of pay, in accordance with California Labor Code §§ 204, 210, 226.7, and 512.

35. As a result, Defendants are responsible for paying premium compensation for meal period violations pursuant to Labor Code §§ 226.7 and 512, and Wage Order 4, including interest thereon, statutory penalties, civil penalties, and costs of suit.

## FOURTH CAUSE OF ACTION

### REST PERIOD VIOLATIONS

### (AGAINST ALL DEFENDANTS)

36. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

37. Wage Order 4, § 11 and Labor Code §§ 226.7 and 516 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

38. As alleged herein, Defendants failed to authorize and permit Plaintiff and members of the Rest Period Class to take all required rest periods.

39. The foregoing violations create an entitlement to recovery by Plaintiff and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, civil penalties, and costs of suit according to Labor Code §§ 226.7, 516, and Civil Code §§ 3287(b) and 3289.

## FIFTH CAUSE OF ACTION

### WAGE STATEMENT VIOLATIONS

### (AGAINST ALL DEFENDANTS)

40. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

41. Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Wage Statement Class with accurate and complete, itemized wage statements

13

that included, among other requirements, all hours worked, total gross wages earned, all rates of pay and corresponding number of hours worked, total net wages earned, and the correct name and address of the legal entity that is the employer in violation of Labor Code § 226 *et seq.*

42.     Defendants' failure to furnish Plaintiff and members of the Wage Statement Class with accurate and complete, itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of all overtime wages and meal and rest period premium wages owed, and deprived them of the information necessary to identify the discrepancies in Defendants' reported data.

43.     Defendants' failures create an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226 et seq., including statutory penalties, civil penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code § 226 *et seq.*

## SIXTH CAUSE OF ACTION

## FAILURE TO INDEMNIFY ALL NECESSARY BUSINESS EXPENDITURES

## (AGAINST ALL DEFENDANTS)

49.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

50.     At all relevant times herein, Defendants were subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or his or her obedience to the directions of the employer."

51.     At all relevant times herein, Defendants were subject to Labor Code § 2804, which states that "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

52.     As a proximate result of Defendants' policies and/or practices in violation of Labor Code §§ 2802 and 2804, and Wage Order 4, § 8, Plaintiff and members of the Expense Reimbursement Class were damaged in sums, which will be shown according to proof.

14

53.    Plaintiff and members of the Expense Reimbursement Class are entitled to attorneys' fees and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

54.    Pursuant to Labor Code § 2802(b), any action brought for the reimbursement of necessary expenditures carries interest at the same rate as judgments in civil actions. Thus, Plaintiff and members of the Expense Reimbursement Class are entitled to interest, which shall accrue from the date on which they incurred the necessary expenditures.

## SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION

## (AGAINST ALL DEFENDANTS)

55.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

56.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of Business & Professions Code § 17200 *et seq.*, by: (a) failing to compensate Plaintiff and members of the Minimum Wage and Overtime Class with all minimum and overtime wages; (b) failing to provide Plaintiff and members of the Meal Period Class with all meal periods to which they are entitled, and/or failing to pay them meal period premium payments at the correct rate of pay; (c) failing to authorize and permit all required duty-free rest periods to Plaintiff and members of the Rest Period Class, and/or failing to pay them rest period premiums payments; (d) knowingly failing to furnish Plaintiff and the Wage Statement Class with all accurate and complete, itemized wage statements in violation of Labor Code § 226; and/or (f) failing to indemnify members of the Expense Reimbursement Class for all necessary business expenses.

57.    Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

58.    Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for himself and on behalf of the members of the Classes, seeks full restitution of

15

monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

59.    The acts complained of herein occurred within the last four years immediately preceding the filing of the Plaintiff's Complaint.

60.    Plaintiff was compelled to retain the services of counsel to file this Complaint to protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

## PRAYER

WHEREFORE, Plaintiff prays for judgment for himself and for all others on whose behalf this suit is brought against Defendants, as follows:

1.    For an order certifying the proposed Classes;

2.    For an order appointing Plaintiff as representative of the Classes;

3.    For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4.    Upon the First Cause of Action, for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and 1197;

5.    Upon the Second Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

6.    Upon the Third Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;

7.    Upon the Fourth Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

8.    Upon the Fifth Cause of Action, for statutory penalties pursuant to Labor Code § 226 *et. seq.*;

9.    Upon the Sixth Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 2802 and 2804;

16

10.     Upon the Seventh Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Bus. & Prof. Code § 17200, *et seq.*;

11.     Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

12.     On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226, 1194, 2802(c), and Code of Civil Procedure § 1021.5; and

13.     For such other and further relief, the Court may deem just and proper.

Dated:  May 23, 2024

Respectfully submitted,
HAINES LAW GROUP, APC

By: _____
Paul K. Haines
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated:  May 23, 2024

Respectfully submitted,
HAINES LAW GROUP, APC

By: _____
Paul K. Haines
Attorneys for Plaintiff

17

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA 95113*

CASE NUMBER: **24CV439672**

| PLEASE READ THIS ENTIRE FORM |

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1.  You must file a **written response** to the *Complaint, using the proper legal form* or *format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2.  You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3.  You must attend the first Case Management Conference.

**Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:*   You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José or at https://www.scscourt.org/self_help/civil/civil_help.shtml.

- State Rules and Judicial Council Forms:  https://www.courts.ca.gov/formsrules.htm
- Local Rules and Forms:  https://www.scscourt.org/forms_filing.shtml  and
  https://www.scscourt.org/court_divisions/civil/civil_rules/civil_rules.shtml

*CASE MANAGEMENT CONFERENCE (CMC):*   You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may have the option, or be required, to appear remotely – see Local Civil Rule 8.*

| | | |
|---|---|---|
| **Your Case Management Judge is:** ___Hon. Charles F. Adams___ | **Department:** 7 | |
| **The 1st CMC is scheduled for:** (Completed by Clerk of Court) <br> Date: ___10/17/24___ Time: ___2:30 p.m.___ in **Department:** 7 | | |
| **The next CMC is scheduled for:** (Completed by party if the 1st CMC was continued or has passed) <br> Date: _____ Time: _____ in **Department:** _____ | | |

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 30 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at https://www.scscourt.org/court_divisions/civil/adr/civil_adr.shtml or call the ADR Administrator (408-828-8547) for more information.
*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

### What kind of disputes can be resolved by ADR?
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

### Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?

**Contact:**
Santa Clara County Superior Court
ADR Administrator
408-882-2530

**ATTACHMENT CV-5008**

| ATTORNEY OR PARTY WITHOUT AN ATTORNEY (NAME AND ADDRESS)     TELEPHONE NUMBER: | *FOR COURT USE ONLY* |
|---|---|

ATTORNEY FOR  *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

   PLAINTIFF:

   DEFENDANT:

| **ADR STIPULATION AND ORDER** | CASE NUMBER: |
|---|---|

1. Pursuant to California Rule of Court 3.221(a)(4), the parties and their attorneys stipulate that all parties in this action have appeared, and the claims in this action shall be submitted to the following alternative dispute resolution process:

   a. ☐ Mediation pursuant to Local Civil Rule 2D

   b. ☐ Neutral Evaluation pursuant to Local Civil Rule 2D

   c. ☐ Referee/Special Master

   d. ☐ Early Settlement Conference pursuant to Local Civil Rule 4.

      i. ☐ Rule 4 neutral has signed this stipulation below, agreeing to take this case.

   e. ☐ Binding Arbitration

   f. ☐ Non-binding Judicial Arbitration pursuant to CCP §1141.10 et seq., CRC 3.810 et seq. and Local Civil Rule 5.

      i. ☐ Discovery will remain open until 30 days before trial.

   g. ☐ Other:_____

2. It is also stipulated that_____ (name of individual neutral, not organization) shall

   serve as_____ (neutral function/process) and that the session will take

   place on _____ (enter a FIRM date) at _____ (time).

3. This stipulation ☐ changes a previously set court hearing date (filing fee required per court fee schedule).
                     ☐ does not change a previously set court hearing date.

Date:_____

| _____ | _____ |
|---|---|
| (NEUTRAL: Type or Print Name) | (Signature) |
| _____ | _____ |
| (Type or Print Name) | (Signature) |
| _____ | _____ |
| (Type or Print Name) | (Signature) |
| _____ | _____ |
| (Type or Print Name) | (Signature) |

**(Attach Additional Signature Pages if Necessary)**
**ORDER ON REVERSE SIDE**

CV-5008 REV 07/01/18                    **ADR STIPULATION AND ORDER**                    Page 1 of 2
For Mandatory Use

ATTACHMENT CV-5008

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

## IT IS ORDERED:

4.  a.  The ☐ Case Management Conference  ☐ ADR Status Review  ☐ Trial Setting Conference
        ☐ Case Status Review re: _____
        currently set for _____, 20_____, at_____ ☐ AM ☐ PM in Department _____ is hereby
        vacated.

    b.  ☐ ADR Status Review
    c.  ☐ Case Status Review re:_____
    d.  ☐ Trial Setting Conference following ADR Review       ☐ _____
        is set for _____, 20_____, at_____ ☐ AM ☐ PM in Department _____.

5.  ☐ Judicial Arbitration Order Review Hearing will be set by notice upon assignment of the arbitrator.

Date:_____          _____
                                        Judicial Officer of the Superior Court

Reset Form

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
**191 N. FIRST STREET**
**SAN JOSE, CA 95113-1090**

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 5/28/2024 10:54 AM**
**Reviewed By: R. Walker**
**Case #24CV439672**
**Envelope: 15456158**

TO:    FILE COPY

RE:             **Pasillas v. The Geo Group, Inc., et al. (Class Action)**
CASE NUMBER:    **24CV439672**

## ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY
## AND RESPONSIVE PLEADING DEADLINE

WHEREAS, the Complaint was filed by Plaintiff **Juan Pasillas** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **May 23, 2024** and assigned to Department **7** (Complex Civil Litigation), the **Honorable Charles F. Adams** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400. The matter remains assigned, for all purposes, including discovery and trial, to Department **7** (Complex Civil Litigation), the **Honorable Charles F. Adams** presiding.

The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **Juan Pasillas**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(b), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order. Any response to the objection must be filed within seven (7) days of service of the objection. The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **October 17, 2024 at 2:30 p.m. in Department 7** and all counsel are ordered to attend.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery; which will generally be conducted under court supervision and by court order;

-----
Updated on 3/11/21.

1

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. a brief objective summary of the case;
2. a summary of any orders from prior case management conferences and the progress of the parties' compliance with said orders;
3. significant procedural and practical problems that may likely be encountered;
4. suggestions for efficient management, including a proposed timeline of key events; and
5. any other special consideration to assist the court in determining an effective case management plan.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE** Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: _____5/23/2024 4:39:11 PM_____

**Hon. Charles F. Adams**
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

Updated on 3/11/21.

2